IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
CAROLYN SMITH; ISAIAH         )
SMITH; ANTONIO HAIGLER;       )
and KANESHIA HAIGLER, as      )
guardian and next friend      )
of the minor, S.M.,           )
                              )
     Plaintiffs,              )
                              )     CIVIL ACTION NO.
     v.                       )      2:12cv1037-MHT
                              )          (WO)
CITY OF MONTGOMERY,           )
ALABAMA; et al.,              )
                              )
     Defendants.              )
```

OPINION AND ORDER

Plaintiffs Carolyn Smith, Isaiah Smith, Antonio Haigler, and Kaneshia Haigler, as guardian and next friend of S.M., a minor, want to settle their claims against defendant BSR Trust, LLC. The other defendants are the City of Montgomery, Alabama, and its police officers Ferderdar Fannin, A.D. Ferguson, and Ronald Brigum. The plaintiffs have invoked the diversity-of-citizenship jurisdiction of the court. 28 U.S.C. § 1332. The question before this court is whether to approve the

settlement as to S.M., who is currently nine years old. Based on the pleadings and the representations made to court, the court will approve the settlement of S.M.'s claims against BSR Trust.

Alabama law requires that a court hold a fairness hearing before a minor plaintiff's case may be settled. Largo v. Hayes By and Through Nesbitt, 534 So.2d 1101, 1105 (Ala. 1988). This is a rule of substantive law, which must be applied by federal courts sitting in diversity.  Burke v. Smith, 252 F.3d 1260, 1266 (11th Cir. 2001)

In order for the settlement to be binding on the minor, the hearing must involve "'examination or investigation into the facts.'" Abernathy v. Colbert Cnty. Hosp. Bd., 388 So. 2d 1207, 1209 (Ala. 1980) (quoting  42 Am.Jur.2d Infants § 47 (1978)).

This case arises from an incident on April 14, 2012, at an apartment complex owned and operated by BSR Trust where plaintiffs Carolyn Smith, Isaiah Smith and Antonio

Haigler were attending a party. Several Montgomery police officers went to the apartment where the party was being held, including Officer Fannin. Some of the officers confronted the Smiths and Antonio Haigler. These plaintiffs allege that Fannin used unreasonable and excessive force to confront, subdue and arrest them. S.M. alleges that Fannin sprayed pepper spray toward a crowd and sprayed her. S.M. further alleges this caused her to suffer physical discomfort, pain and suffering, mental anguish, and loss of personal dignity.

    S.M. and the other plaintiffs allege that BSR Trust is liable for negligent and wanton hiring, retention and supervision of Officer Fannin. In particular, S.M. charges that BSR Trust should be liable for Fannin's actions because Fannin had a history of demonstrated violent tendencies and BSR Trust nevertheless chose to hire him. BSR Trust denies these allegations, including the allegation that it employed Fannin or had knowledge of any violent tendencies.

On September 6, 2013, the parties notified the court of a settlement of all plaintiffs' claims against BSR Trust. The plaintiffs and BSR Trust agreed to settle their claims for a total of $ 2,500, with each plaintiff to receive $ 400 and with the remaining $ 900 paid to plaintiffs' original counsel, Mark Overall, for attorney's fees.  Overall's retainer provided for a contingency fee at the rate of 33 1/3 % (which would be $ 833.33 here), plus costs.

On October 17, 2013, the court conducted an on-the-record fairness hearing to determine whether to approve the settlement agreement between BSR Trust and S.M.  In attendance were counsel for BSR Trust and newly retained counsel for S.M.  Also present was S.M.'s mother.

The court has reviewed the pleadings in this case, heard a detailed oral explanation of the positions of all parties in open court, and is sufficiently familiar with the background surrounding this action, including the nature of the claims of liability and the various

defenses raised by all defendants, including BSR Trust. The court finds that there are factual questions surrounding liability and the appropriate amount of damages, so as to create substantial issues as to whether the plaintiffs, including S.M., could recover against BSR Trust for the alleged actions of Officer Fannin and, if so, in what amount.

The court also heard from S.M.'s mother, who stated that she believed the settlement is fair and in S.M.'s best interests, particularly in light of the uncertainty of liability on the part of BSR Trust.

Nevertheless, at the hearing, several aspects of the settlement came to light that troubled the court. BSR Trust disbursed the settlement funds and Overall collected his attorney's fees before the court was even notified of the settlement. This put the court in the difficult position of evaluating a fait accompli--the money was already spent and the attorney's fees already taken out of the total settlement. The duty to seek court

5

approval for a minor plaintiff's settlement falls on both parties. In fact, it is in the defendant's interest to ensure that proper procedures are followed. The consequence of an unapproved settlement is that the settlement is not binding on the minor plaintiff; she can bring the claims again in another suit.

Despite these deeply troubling procedural flaws, the court is satisfied, based on the representations of counsel at the hearing and the testimony of S.M.'s mother, that the terms and provisions of this settlement are understood and agreed to by all parties. Based on the record and testimony before this court, as set forth in this order, the court finds that all the terms of the proposed settlement are in the best interests of the minor child and are fair, just, and reasonable under the circumstances involved in this case.

***

It is accordingly ORDERED, ADJUDGED, and DECREED that the settlement between plaintiff Kaneshia Haigler, as guardian and next friend of S.M., a minor, and defendant BSR Trust, LLC, is approved.

DONE, this the 28th day of October, 2013.

                                            /s/ Myron H. Thompson  
                                    UNITED STATES DISTRICT JUDGE