IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN SMITH; ISAIAH SMITH; ANTONIO HAIGLER; and KANESHIA HAIGLER, as guardian and next friend of the minor, S.M., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:12cv1037-MHT (WO) |
| CITY OF MONTGOMERY, ALABAMA; et al., | ) ) ) | |
| Defendants. | ) | |

OPINION

Three of the four plaintiffs in this case, Carolyn Smith, Isaiah Smith, and Antonio Haigler, brought this lawsuit against defendant City of Montgomery and others, claiming that several Montgomery police officers violated their constitutional rights against excessive force.  Jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).  The case is now before the court on the city's motion for summary judgment; the motion will be granted.

The Smiths and Haigler each bring a claim against the city under Fourth and Fourteenth Amendments, as enforced through 42 U.S.C. § 1983. Even assuming that the officers' conduct violated the plaintiffs' constitutional rights, "'[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability' against a municipality." Craig v. Floyd County, Ga., 643 F.3d 1306, 1310 (11th Cir. 2011 (quoting City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion)). A plaintiff must show that the constitutional violation resulted from the city's "policy or custom." Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978).

The plaintiffs put forward, as the policy or custom, only the fact that the city equipped its police officers with mace spray and Tasers. This policy is insufficient to state a claim against the city. The use of mace or a Taser is not necessarily a constitutional violation. See Draper v. Reynolds, 369 F.3d 1279 (11th Cir. 2004) (Taser use not

2

constitutionally excessive); McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1245 (11th Cir. 2003) (same for pepper spray).  Therefore, equipping officers with these tools does not constitute an unconstitutional policy or custom.

***

Accordingly, summary judgment will be entered in favor of the city and against the Smiths and Haigler. An appropriate judgment will be entered.

DONE, this the 26th day of June, 2014.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE