THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
CAROLYN SMITH; ISAIAH        )
SMITH; ANTONIO HAIGLER;      )
and KANESHIA HAIGLER, as     )
guardian and next friend     )
of the minor, S.M.,          )
                             )
    Plaintiffs,              )
                             )       CIVIL ACTION NO.
    v.                       )        2:12cv1037-MHT
                             )             (WO)
FERDERDAR FANNIN, in his     )
individual capacity et al., )
                             )
    Defendants.              )
```

OPINION

Plaintiff Kaneshia Haigler, as guardian and next friend of S.M., a minor, seeks to dismiss with prejudice her state-law battery claim against defendant Federdar Fannin, who allegedly exposed S.M. to mace spray during a law-enforcement action at S.M.'s grandparents' home. Haigler alleges this caused S.M. to suffer physical discomfort, pain and suffering, mental anguish, and loss of personal dignity. Fannin has responded that he is protected against liability by Alabama's state-agent

immunity doctrine. See  1975 Ala. Code § 6-5-338; Ex Parte Cranman, 792 So. 2d 392, 405 (Ala. 2000).  The court's jurisdiction is invoked pursuant to diversity of citizenship. 28 U.S.C. § 1332.

On July 17, 2014, Haigler and Fannin filed a joint stipulation that sought voluntary dismissal with prejudice of the claim brought by Haigler, as guardian and next friend of S.M., a minor.  (And the day before, on July 16, 2014, the parties notified the court of a settlement of claims brought by three plaintiffs, other than Haigler, and against all defendants, not just Fannin.) On July 21, 2014, the court held an on-the-record hearing to determine whether a fairness hearing was necessary prior to dismissal-with-prejudice of the claim brought by Haigler on behalf of S.M.

The general rule in Alabama is that a contract entered into by a minor or on a minor's behalf is not binding and is voidable once the minor reaches the age of maturity.  S.B. v. Saint James School, 959 So.2d 72, 96

2

(Ala. 2006). This rule applies to a release of claims on behalf of the minor, whether that release is executed before injury, see, e.g., J.T. ex rel. Thode v. Monster Mountain, LLC, 754 F. Supp. 2d 1323, 1326 (M.D. Ala. 2010) (Albritton, J.) (liability waiver is not binding), or after injury. As the Alabama Supreme Court has stated,

> "'(The next friend) cannot release the cause of action, nor compromise it, nor submit it to an arbitration the result of which will bind the infant. ... The court may, upon being advised of the facts, upon hearing the evidence, enter up a valid and binding judgment for [an] amount so attempted to be agreed upon, but this not because of the agreement at all--that should exert no influence--but because it appears from the evidence that the amount is just and fair, and a judgment therefor will be conservative of the minor's interests.'"

Abernathy v. Colbert County Hospital Board, 388 So. 2d 1207, 1208-09 (Ala. 1980) (emphasis added) (quoting Tennessee Coal, Iron & R. Co. v. Hayes, 12 So. 98, 103 (Ala. 1892)). See also 42 Am. Jur. 2d Infants § 52 ("Agreements of discharge made by infants, such as a

3

compromise [or] a release of a claim upon a contract or for a tort ... are voidable and subject to disaffirmance. ... In fact, a parent has no legal right, by virtue of the parental relationship, to settle a minor's cause of action, and court review and approval of a settlement reached by a parent is mandatory."). This is a rule of substantive law, which must be applied by federal courts sitting in diversity. Burke v. Smith, 252 F.3d 1260, 1266 (11th Cir. 2001).

To the extent that Fannin and Haigler seek to bind S.M. with the joint stipulation for dismissal with prejudice, Alabama law does not permit them to do so. Any such agreement would be voidable by S.M., soon after she reaches the age of majority. Cf. 1975 Ala. Code § 6-2-8 (tolling the statute of limitations for torts committed against minors until the minor reaches the age of majority). However, Haigler can bind herself and her own ability to bring future litigation on S.M.'s behalf.

Therefore, the court will dismiss Haigler's claim with prejudice as to her only (that is, her own ability to bring future litigation on S.M.'s behalf), but without prejudice as to S.M. (that is, S.M. own ability to bring future litigation herself).  Nevertheless, if either party seeks a dismissal that would bind S.M., he or she may file a motion for reconsideration within seven days from the date of this opinion, asking that the court set aside the dismissal in this case and hold a fairness hearing to determine whether the dismissal that would bind S.M. would be in the best interest of S.M.

An appropriate judgment will be issued.

DONE, this the 22nd day of July, 2014.

                         /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE